IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN TORRES AND EDGAR TORRES | CIVIL NO. |
| Plaintiffs | DAMAGES |
| v. | TRIAL BY JURY |
| AEROSTAR AIRPORT HOLDINGS LLC, ABC INSURANCE COMPANY | |
| Defendants | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Come now Plaintiffs, Carmen Torres and Edgar Torres, through the undersigned attorneys and very respectfully allege and pray:

**I.   THE PARTIES**

1. Plaintiffs Carmen Torres and Edgar Torres are of legal age, married to each other and are residents of the state of Illinois.

2. Aerostar Airport Holdings, LLC ("Aerostar") is a limited liability company created under the laws of Puerto Rico with main offices located a Luis Muñoz Marín International Airport ("LMM"), Terminal D, Carolina, Puerto Rico.

3. At all relevant time herein, Aerostar was and still is

1

the administrator and/or operator of the LMM.

4. Co-defendant, is the fictitious name to designate the presently unknown identity of the corporate entity organized and having their principal place of business in a state other than Illinois, that is a casualty and liability insurer, who had in force a policy of liability or casualty insurance to cover for the negligent acts of Aerostar against loss for its negligence, fault or liability in the administration or operation of the LMM, and as such, this insurer is jointly liable with its insured for the negligent acts and damages set forth and claimed herein.

5. As such, this insurer is, under Article 20.010 and 20.030 of the Puerto Rico Insurance Code directly and jointly liable with Aerostar for the negligent acts and damages set forth and claimed herein.

6. Once the identity of Insurance Company A is ascertained, it will be substituted with its correct name.

## II.   JURISDICTION AND VENUE

7. This Honorable Court has jurisdiction over the subject matter and over the parties of this litigation pursuant to Section 1332 of Title 28 of the United States Code,

given the parties complete diversity of citizenship and being the amount in controversy in excess of $75,000.00, exclusive of interests and costs. Venue is proper in the U.S. District of Puerto Rico because it is where the events or omissions giving rise to the claim occurred. See 28 U.S.C. §1391(a).

### III. THE FACTS

8. On July 7, 2019 Aerostar administered and operated Luis Muñoz Marín International Airport ("LMM") located in Carolina, Puerto Rico.

9. At the aforementioned date and place, Aerostar, employed in the ordinary scope and course of their employment, individuals responsible for, among other things, transporting merchandize through the common areas and hallways of the airport terminals utilizing manually wheeled carts with low-lying wooden pallets.

10. Upon information and belief one such individual was Jorge Pereira.

11. As aforementioned, Aerostar's employees, including Jorge Pereira, transported the merchandise aboard manually wheeled carts with low-lying wooden pallets.

12. Said manually wheeled carts were routinely transported through public common areas of LMM, and specifically through the hallways in front of the establishments located at the duty-free areas in Terminal B of LMM.

13. On July 7, 2019 at approximately 11:50 a.m., plaintiffs were walking towards the duty-free area located at the gate identified with number B-8 of LMM.

14. At said date and time, co-plaintiff Edgar Torres was walking a couple of steps ahead of his wife Carmen Torres towards the entrance of one of the duty-free shops. While plaintiff Carmen Torres was entering the store, she tripped on a wooden pallet of a wheeled cart that was being transported through the hallway in front of the store, operated by Aerostar's employee Jorge Pereira, suffering the damages that will be more fully set forth herein.

## IV. THE NEGLIGENCE

15. The above described incident was caused by the negligence, carelessness and/or lack of due care on the part of Aerostar and its employee, without any negligence on the part of the plaintiffs herein. Aerostar allowed its employees to negligently operate manually wheeled

4

carts, with low-lying wooden pallets, through public common areas and hallways of LMM in close proximity and against the flow of passengers lawfully moving about said areas without giving adequate and proper warnings to said passengers and such fault caused the accident object of this complaint.

16. Pereira, Aerostar's employee, failed to warn pedestrians of the potential serious harm resulting from the operation of manually wheeled carts, with low-lying wooden pallets, thorough the common areas and hallways of the LMM. Specifically, Pereira operated said cart, moving it against the flow of the numerous passengers and/or pedestrians that were at the time transiting in the area, which had the foreseeable consequence of a collision with the low-laying pallet of the cart.

17. Pereira, Aerostar's employee, operated the manually wheeled carts, with low-lying wooden pallets, negligently and carelessly, in complete disregard of the numerous passengers and/or pedestrians that transited the area, including plaintiffs. Pereira, failed to keep a look out for others during the movement of merchandise within the airport. Pereira carelessly moved the wheeled cart without

noting the point and position of the passengers and/or pedestrians.

**DAMAGES**

18. As a proximate consequence of the negligence above described, plaintiff Carmen Torres suffered the following damages:

    a) bilateral ankle injuries, with diagnosis of Anterior Talo Fibular Ligament tears which required arthroscopic surgery to both ankles with extensive debridement

    b) right shoulder sprain which required injection therapy

    c) exacerbation of plaintiff's chronic pain syndrome which required cervical radiofrequency neurotomy procedure

    d) right knee medial meniscus tear which required arthroscopic surgery

    e) due to the pain medications taken, plaintiff developed abdominal pain, diarrhea, vomiting, and dehydration for which she was taken twice to the emergency ward

19. The physical injuries suffered by plaintiff as above described have severely affected her daily activities and general enjoyment of life and will most likely do so for

the rest of her life. Most likely, plaintiff's injuries will have an adverse and permanent impairment of her normal life activities.

20. Due to the latter, Plaintiff has suffered and continues to suffer extreme mental anguishes. Plaintiff's physical pain and mental anguishes are valued in a sum of not less than One Million Dollars ($1,000.000.00).

21. As a direct and proximate cause of Defendant's negligent actions and/or omissions, Plaintiff will have to continue receiving medical attention to deal with her injuries. The approximate cost of plaintiff's present and future medical expenses required for her medical treatment are calculated in an amount of not less than One Hundred Thousand Dollars ($100,000.00).

22. As a result of the severe injuries suffered by Mrs. Carmen Torres, his husband co-plaintiff, Edgar Torres has suffered and continues to suffer severe mental anguish and emotional distress upon witnessing the severe injuries inflicted upon her wife. His damages are valued at the sum of not less than Three Hundred Thousand Dollars ($300,000.00.).

23. On June 25, 2020 plaintiffs tolled the statute of limitations with an extrajudicial claim letter that was delivered by messenger at defendant Aerostar offices on the same date. A separate letter was also sent the same day via

certified mail.

24. Plaintiffs demand trial by jury in all causes of action.

**IN VIEW OF THE FOREGOING,** Plaintiffs respectfully pray that judgment against Defendants be entered ordering Defendants to pay to Plaintiffs the amounts herein requested, including pre judgment interests from the date of the filing of this Complaint, taxable costs and a reasonable amount for attorney's fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22 day of October 2020.

**RIVERO-VERGNE LAW OFFICES**
Attorney for Plaintiff
Popular Center Suite 1406
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
T. (787)522-4864
F. (787)754-1998

*S/ José L. Rivero-Vergne*
riverovergnelaw@gmail.com
USDC-PR 202408

**GONZÁLEZ MUÑOZ LAW OFFICES, P.S.C**
P.O. Box 9024055
San Juan, Puerto Rico, 00902-4055
T: (787) 766-5052
info@gonzalezmunozlaw.com

s/ *Juan R. González Muñoz*
Juan Rafael González Muñoz
USDC PR No. 202312